IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JENNIFER FAIRLEY                                                                                   PLAINTIFF

v.                                                       **No. 2:05cv2184KS-MTP**

McCLAIN SONICS, ET AL.                                                    DEFENDANTS

## **OPINION AND ORDER**

THIS MATTER is before the court on the plaintiff's motion [137] requesting the court to vacate or reconsider its previous text order of January 4, 2007, allowing certain corrections to the deposition testimony of defendant Jodie Dixon. The motion further requests leave to respond out of time to Dixon's motion to correct or amend the deposition. The court grants the request to file a response out of time and has considered the plaintiff's response [138]. However, having considered the response, the court finds that the motion to vacate the previous text order of January 4, 2007, allowing correction of the testimony should be denied.

Plaintiff's complaint alleges, *inter alia*, that she was subjected to various forms of sexual harassment from defendant Jodie Dixon, her supervisor at McClain Sonics where plaintiff was employed. In his initial deposition, Dixon denied having sexual relations with the plaintiff. Subsequent to the deposition, Dixon's new counsel filed a motion to correct the deposition testimony to indicate that Dixon did, in fact, have sexual relations with the plaintiff. Despite an obligation to do so under Uniform Local Rule 7.2 (C) (1), plaintiff did not respond to the motion or notify the court of her intent not to respond. Accordingly, the court granted the motion as unopposed as provided by Uniform Local Rule 7.2 (C) (2).

Plaintiff now desires to respond to the motion and argues that Dixon's testimony should stand as is and that the court's order somehow excuses what plaintiff claims is perjured testimony. However, the court's order does not change the fact that Dixon testified in a manner inconsistent with what he now states to be the truth. Dixon's counsel, as was her duty, promptly notified the court via motion that his prior testimony was not correct and the court allowed the corrections to be made. The order in now way prohibits any party from using the prior answers for any purpose allowed under the rules of evidence. *See* 8AWright, Miller & Marcus, *Federal Practice and Procedure: Civil* 2d § 2118. If the order suggested otherwise, it is hereby clarified to that extent.

Finally, plaintiff's motion to vacate the prior order indicates that the she was allowed to take Dixon's deposition for a second time at which time he provided answers inconsistent with his initial deposition as illustrated on the exhibit to the motion. [138-2] Thus, plaintiff has been afforded an opportunity to question Dixon about the answers he seeks to correct or amend. Plaintiff having been provided an opportunity to depose Dixon for a second time and the prior testimony remaining available for whatever use is permitted by the rules of evidence, plaintiff is not prejudiced by the court's ruling.

IT IS, THEREFORE, ORDERED AND ADJUDGED that, except as clarified herein, plaintiff's motion to vacate the text order of January 4, 2007 be, and hereby is, DENIED.

SO ORDERED this 19th day of January, 2007.

s/ Michael T. Parker
United States Magistrate Judge