**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JENNIFER FAIRLEY**                                                    **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 2:05cv2184KS-MTP**

**McCLAIN SONICS, INC., d/b/a/SONIC**
**OF HATTIESBURG; JODIE DIXON;**
**AND THOMAS BOONE**                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on cross-motions for summary judgment filed by
all parties.  The court, having reviewed the motions, the responses, the pleadings and
exhibits on file, the briefs of counsel and being otherwise fully advised in the premises,
finds that the defendants' motions should be granted in part and denied in part and that
the plaintiff's motion should be denied.  The court specifically finds as follows:

**FACTUAL BACKGROUND**

The plaintiff was employed by the defendant McClain Sonics d/b/a Hattiesburg
Sonic from February of 2001 until October 22, 2004.  She was fifteen years old when
she began and was employed as a car hop at the Highway 49 North Sonic in
Hattiesburg, Mississippi.

According to the allegations of the complaint, the plaintiff was subjected to
sexual harassment in the workplace by the Highway 49 Sonic assistant manager
Thomas Boone and by general manager and part owner, defendant Jodie Dixon.  Dixon

allegedly began with sexual innuendoes, statements and comments, unwelcome touches, then requests for sex, requests for sex-for-pay, forced sex.  Boone allegedly started out the same way and eventually wound up in a consensual sex relationship with the plaintiff.  On October 22, 2004, Boone choked the plaintiff to the point of unconsciousness in the presence of Dixon, apparently over a glitch in their relationship. The plaintiff stabbed Boone in the neck, apparently causing only a superficial wound, and was told to go home.  She never returned to work at Sonic.

The plaintiff instituted this cause of action against the corporate defendants McClain Sonics, Sonic of Hattiesburg (49 Sonic), and individual defendants Jodie Dixon (and Thomas Boone in a companion case).  The plaintiff asserted Title VII claims against the corporate defendants, a §1981 claim against all defendants, and supplemental claims for the alleged assault of the plaintiff by individual defendant Boone.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T.*

*for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  Id.  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also,*

*Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).


**PLAINTIFF'S CLAIMS**

**A.  SEXUAL DISCRIMINATION**

The plaintiff has filed a claim for gender/sex discrimination in addition to a sexual harassment claim. In order to support a claim of gender discrimination, the plaintiff would have to offer proof that similarly situated male employees were treated more favorably than she was.  *See, Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093, 67 L.Ed.2d 207, 215 (1981).  The plaintiff has not attempted to do this and instead has specifically alleged facts of sexual harassment regarding the offending supervisor and the circumstances related thereto.  The claim of gender/sexual discrimination is therefore dismissed.


**B.  SEXUAL HARASSMENT**

Where a plaintiff seeks to hold her employer vicariously liable for the alleged sexual harassment of her supervisor, the court must first determine whether the plaintiff has suffered a "tangible employment action."  *See, Casiano v. AT&T Corp.*, 213 F.3d

278, 283 (5th Cir. 2000).  The *Casiano* Court instructs that if this court concludes that a tangible employment action was taken against the plaintiff, the case is classified as one of *quid pro quo* harassment and the employer is liable.  If however the court concludes that the plaintiff was not the subject of a tangible employment action then the claim is classified as a "hostile environment" harassment case and the employer has the opportunity to assert the *"Ellerth/Faragher* affirmative defense." *Id.* at 283-84.

The plaintiff contends that she suffered a tangible employment action by virtue of the fact that she was terminated for failing to succumb to Dixon's and Boone's continued requests for sex.  The circumstances surrounding the ultimate termination of the plaintiff are subject to different factual interpretations.

There is no dispute that on October 22, 2004, Boone choked the plaintiff in Dixon's presence and was told go home.  The plaintiff has testified that she was fearful of returning because she knew Boone carried a gun and that she did not want to go through any more harassment.  Clearly, there is a factual dispute as to whether or not the plaintiff suffered a tangible employment action which precludes summary judgment for any party.

If the plaintiff is unable to prove a tangible employment action, her claim is one for hostile work environment.  In order for the plaintiff to establish that her work environment was in fact hostile, she must prove:  "(1) [s]exually discriminatory intimidation, ridicule and insults, which are (2) sufficiently severe or pervasive that they (3) alter the conditions of employment and (4) create an abusive working environment." *DeAngelis v. El Paso Municipal Police Officers Association*, 51 F.3d 591, 594 (5th Cir. 1995)(citing *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S. Ct. 2399, 91 L. Ed. 2d

6

49 (1986)).

There is no doubt in this court's mind that the conduct alleged, some of which is admitted to by Dixon, satisfies all four of these requirements.  If the court concludes that the acts of the offending supervisor were severe and pervasive the defendants are vicariously liable for Dixon's acts of sexual harassment subject to the two-pronged affirmative defense alluded to above.

In order to avoid vicarious liability because of Dixon's actions, the defendants must prove both that "(1) [they] exercised reasonable care to prevent and correct promptly any such sexual harassment, and (2) the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise."  *Casiano*, 213 F.3d at 284, (citing *Burlington Industries Inc. v. Ellerth*, 524 U.S. 742 at 765, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)).

The defendants assert that they did indeed exercise reasonable care to prevent and to promptly correct the alleged sexual harassment.  The defendants have presented a copy of the policy regarding the prohibition of sexual harassment which was made available to all employees.  They also point to the prominent posting of the policy on the premises where the plaintiff worked.  This policy set forth the Company's position in opposition to sexual harassment and provided a detailed procedure for one who felt his/her rights had been violated to follow in reporting the offending conduct.

The plaintiff contends that she may have seen the prominent posting but that she was not given a copy of the employee manual containing the policy.  Further, she contends that she complained continually to Dixon, who was a co-owner, about the harassment and that it would have been fruitless to pursue reporting the harassing

7

activity to anyone else.  Thus, under the second prong of the affirmative defense, the defendants have alleged that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

The court concludes that there are genuine issues of material fact regarding these allegations which prevents the entry of summary judgment as to any party.  The fact that Dixon was a co-owner as well as the one accused of some of the harassing behavior, along with Boone, a co-manager who committed some of the harassment in Dixon's presence, is what takes this case a step beyond the normal supervisor liability situation.

### C. EMPLOYMENT DISCRIMINATION UNDER 42 U.S.C. § 1981

The law in this circuit regarding employment discrimination cases is that the elements of substantive claims under 42 U.S.C. § 1981 and Title VII (42 U.S.C. § 2000(e)) are the same.  *Rivera v. City of Wichita Falls*, 665 F. 2d 531, 534, fn. 4 (5th Cir. 1982).  *See also, Page v. U.S. Industries, Inc.*, 726 F. 2d 1038, 1041, fn. 2 (5th Cir. 1984).  In order to prevail in the absence of direct evidence of discrimination, the plaintiff must first establish a prima facie case of discrimination.

The Supreme Court set forth the standards for establishing a prima facie case in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Applying the *McDonnell Douglas* factors to this case, the plaintiff must show (1) that she is a member of a protected group, (2) that she was qualified and doing her work

well enough to meet her employer's legitimate expectations, (3) she was discharged, and (4) she was replaced by a member of a non-minority group.

If a plaintiff is successful in establishing a prima facie case of discrimination, a presumption is created that the employer unlawfully discriminated against the employee.  This presumption places upon the defendant the burden of producing evidence to rebut the prima facie case.  This evidence of rebuttal is generally described as a "legitimate non-discriminatory reason" for the employment action.  Once the defendant produces a non-discriminatory reason for the employment action, then the defendant has met its burden of production and the prima facie case is rebutted.  The Plaintiff must then demonstrate that the Defendant's proffered reason was not the real reason for the employment action and must further prove that race was.  *See St. Mary's Honor Center v. Hicks*, 509 U.S. ____, 113 S. Ct. 2742, 125 L. Ed. 2d 407, 415-416 (1993).

As the Fifth Circuit has explained, a "plaintiff can demonstrate that the reason was pretextual in two ways, 'either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer, or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Hall v. Gilman, Inc.*, 81 F. 3d 35, 37 (5th Cir. 1996), citing *Thornbrough v. Columbus and Greenville R. Company*, 760 F. 2d 633, 639 (5th Cir. 1985)(citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255, n. 8, 101 S. Ct. 1089, 1094, n. 8, 67 L. Ed. 2d 207 (1981)). The court is mindful that this matter is being considered at the summary judgment and "the question is not whether the plaintiff proves pretext, but rather whether the plaintiff

raises a genuine issue of fact regarding pretext." *Id.,*(citing *Thornbrough*, 760 F. 2d at 646).

> Thus a jury issue will be presented and a plaintiff can avoid summary judgment and judgment as a matter of law if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race] was a determinative factor in the actions of which plaintiff complains.  The employer, of course, will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory.

*Rhodes v. Guiberson Oil Tools*, 75 F. 3d 989, 994 (5th Cir. 1996) (en banc).

Therefore, in order to avoid summary judgment the plaintiff must offer evidence which creates a fact issue regarding the employer's stated reason for the employment action <u>and</u> which creates an inference of racial discrimination.  It is not enough that the plaintiff offer merely evidence tending to indicate that the employer's stated reason for the employment action is pretextual, the plaintiff must go further and provide evidence from which the fact finder could infer racial discrimination in that employment action.

The plaintiff has presented absolutely no proof that she was discriminated against on the basis of her race and this claim shall be dismissed.

### D.  <u>EQUAL PAY ACT CLAIM</u>

The plaintiff has conceded that she does not have an Equal Pay Act claim and this cause of action shall be dismissed.

### E.  FALSE IMPRISONMENT

The plaintiff argues an assault and battery claim as well as a false imprisonment claim.  The plaintiff argues that the one year statute of limitations on these claims should be tolled due to her disability of being a minor until 2006.  However, the plaintiff filed this action in her own name on December 15, 2005, without asserting any claim of such disability.  Nor has the plaintiff provided any proof that would allow the court to conclude that such disability prevented her form timely pursuing this claim.  The same is true of her intentional infliction of emotional distress claim.  Thus all of the plaintiff's intentional misconduct state law claims shall be dismissed as to all parties.

### F.  RETALIATION

The plaintiff has also made out a claim for retaliation related to the harassment. In order to present a successful retaliation claim the plaintiff must establish her prima facie case by offering proof that (1) she was engaged in protected activity under Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action.  *See, McMillan v. Rust College Inc.*, 710 F.2d 1112 (5th Cir. 1983) and *Long v. Eastfield College*, 88 F.3d 300 (5th Cir. 1996).

Here, the plaintiff has not provided any proof that she was retaliated against for participating in any protected activity.  This claim shall be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' motions for summary judgment, **[Sonic #120] and [Dixon #114]** are Granted in part and the

plaintiff's claims of gender/sexual discrimination, racial discrimination, equal pay violations,  false imprisonment/assault and retaliation are dismissed with prejudice; the motions are Denied as to the plaintiff's claims of sexual harassment, both *quid pro quo* and hostile work environment.

IT IS FURTHER ORDERED AND ADJUDGED that the defendant Boone's motion for summary judgment **[#112]** is Granted in its entirety and the plaintiff's complaint against him is dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's motion for summary judgment **[#123]** is Denied.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 8th day of March, 2007.


                                        *s/Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE